■ In the Matter of JIMMY DAZE INN, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of respondent State Liquor Authority (Authority), dated July 25, 1984, which, after a hearing, found petitioner guilty of two counts of violating Alcoholic Beverage Control Law § 106 (6) and 9 NYCRR 53.1 (q), in that it permitted the licensed premises to become "a source of noise, disturbance, misconduct and/or disorder" and "a focal point of police attention as a result of the acts of noise, disturbance, misconduct or disorder".

Matter remitted to respondent for preparation of a report to be submitted to this court, with all deliberate speed, explaining the basis for the conclusion that petitioner was guilty of

the second charge, and proceeding held in abeyance in the interim.

After a hearing, the hearing officer determined that petitioner was guilty of permitting its licensed premises to become "a source of noise, disturbance, misconduct and/or disorder", but not guilty of permitting the licensed premises, and the area in front of or adjacent to the licensed premises, to. become "a focal point of police attention as a result of the acts of noise, disturbance, misconduct or disorder".

Thereafter, the Authority issued a decision which stated, in pertinent part:

"Hearing Officer's findings adopted and charge 1 is sustained.

"Reverse conclusions of Hearing Officer and sustain charge 2."

Since the Authority adopted the "findings" of the hearing officer but reversed his conclusion with respect to charge 2, without any explanation of its rationale, we are unable to determine whether the finding of guilt is supported by substantial evidence *(see, Matter of Lorenzo v Board of Educ.,* 97 AD2d 415).

Accordingly, the matter must be remitted to the Authority for the purpose of review of the record and preparation of a report stating its views as to the hearing officer's findings relative to the second charge and how those findings are converted into conclusions that differ with those of the hearing officer. The report shall be submitted to this court as soon as is practicable. Lazer, J. P., Gibbons, Eiber and Kunzeman, JJ., concur.